**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 15th Street
Suite 3400
Denver, CO 80202
TELEPHONE 303-607-3675

Kyle E. Darch (*Pro Hac Vice Forthcoming*)
kyle.darch@faegredrinker.com

**QUARLES & BRADY LLP**
One Renaissance Square
Two North Central Avenue
Suite 600
Phoenix, AZ  85004-2322
TELEPHONE 602-229-5200

John M. O'Neal
John.ONeal@quarles.com
Amy Levine Heiserman
Amy.Heiserman@quarles.com

*Attorneys for Plaintiff Nutrien A.G. Solutions, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nutrien A.G. Solutions, Inc., | NO. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Ba Bar Farm LLC, an Arizona limited liability company; Stuart Lee Bennett; and Heather Spielman, | |
| Defendants. | |

Plaintiff Nutrien Ag Solutions, Inc. ("Nutrien"), for its Complaint against Defendants Ba Bar Farm LLC, Stuart Lee Bennett, and Heather Spielman (together the "Defendants"), alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Nutrien Ag Solutions, Inc. is a Delaware corporation, formerly known as Crop Production Services, that has its principal place of business located in

Loveland, Colorado, and is authorized to do business in the State of Arizona.

2. Defendant Ba Bar Farms, LLC ("BBF") is an Arizona limited liability company. Defendant Stuart Lee Bennett is the sole member of BBF.

3. Defendant Stuart Lee Bennett ("Bennett") is a citizen of Arizona domiciled at 8810 Moovalya Dr., Parker, AZ 85344.

4. Defendant Heather Spielman ("Spielman") is a citizen of Arizona domiciled at 8810 Moovalya Dr., Parker, AZ 85344.

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in Arizona.

## GENERAL FACTS

7. In 2016, pursuant to a Commercial Credit Agreement (the "Bennett Agreement"), Defendant Bennett obtained credit from Crop Production Services, Inc. ("CPS") (now known as Nutrien Ag Solutions, Inc.), to purchase goods and services for use in his commercial farming operations. A redacted but otherwise authentic and complete copy of the Bennett Agreement is attached hereto as **Exhibit A**.

8. In 2017, pursuant to a Commercial Credit Agreement (the "Spielman/Bennett Agreement"), Defendants Spielman and Bennett both applied for, co-signed, and both personally guaranteed all credit obligations of Bennett and Spielman to CPS. Defendants Spielman and Bennett both expressly agreed that their guarantee "is absolute, unconditional, and continuing and shall remain in effect until Applicant's(s') obligations have been paid, performed, and discharged in full." A redacted but otherwise authentic and complete copy of the Spielman/Bennett Agreement is attached hereto as **Exhibit B**.

9. In 2018, CPS's name was changed to Nutrien Ag Solutions, Inc. ("Nutrien").

10. In 2019, pursuant to the terms of a written Application, Master Note, and Security Agreement (the "Loan Agreement"), Defendants BBF and Bennett requested and

QB\177235.00001\72663442.1

obtained a $150,000 line of credit from Nutrien to purchase goods and services for use in their commercial farming operations. A redacted but otherwise authentic and complete copy of the Loan Agreement is attached hereto as **Exhibit C**.

11. Pursuant to Section (G)(3) of the Loan Agreement, BBF secured its obligation to repay Nutrien by granting a security interest in the following collateral (the "Collateral"):

> [g]rowing crops, inventory of crops, farm products, accounts receivable, documents and instruments, warehouse receipts, government payments, general intangibles and accounts, machinery and equipment, and all related proceeds of the foregoing, whether now owned or hereafter acquired.

12. On account of the continuing guarantee obligations under the Spielman/Bennett Agreement, the obligations of BBF and Bennett to Nutrien under the Loan Agreement are also guaranteed by Spielman.

13. Nutrien properly perfected its security interest in the Collateral by filing UCC Financing Statement File #2020-005-6643-7 with the Arizona Secretary of State. An authentic and complete copy of Financing Statement File #2020-005-6643-7 is attached hereto as **Exhibit D**.

14. In September 2019, BBF requested and obtained from Nutrien an increase in its available credit under the Loan Agreement to $250,000.

15. The obligations under the Loan Agreement matured on June 1, 2020.

16. Nutrien was and is the "lender" and owner, holder, and beneficiary of the Loan Agreement.

17. Pursuant to the terms of the Loan Agreement and Spielman/Bennett Agreement, Bennett, BBF, and Spielman are jointly and severally obligated to pay all amounts due under the Loan Agreement.

18. Nutrien sent monthly statements to BBF reflecting the amounts due under the Loan Agreement and adjusting the applicable finance charge for unpaid amounts to 24% per annum (the "Nutrien Statements").

QB\177235.00001\72663442.1

19. Defendants accepted goods and services provided by Nutrien and financed by Nutrien pursuant to the Loan Agreement.

20. To date, and despite the June 30, 2020 maturity date, Defendants have failed to pay the amounts due under the Loan Agreement.

21. Pursuant to the terms and conditions of the Nutrien Statements, amounts not timely paid in full are assessed a monthly finance charge of 2.0% (24% APR). Pursuant to the terms of the Loan Agreement and Commercial Credit Agreements, Nutrien is also entitled to recover all attorneys' fees and costs of collection incurred by Nutrien in connection with the collection of the account.

22. As of December 31, 2021, Defendants owed Nutrien the principal balance of $183,144.35, and accrued finance charges in the amount of $67,349.67. Defendants are liable for and obligated to pay all additional finance charges, attorneys' fees, and costs of collection that continue to accrue until all obligations are paid in full.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

23. Nutrien re-alleges each and every allegation contained in the paragraphs stated above.

24. Defendants BBF and Bennett agreed to the terms of the Loan Agreement and Nutrien Statements, which constitute a contract between Nutrien and Defendants BBF and Bennett.

25. Nutrien performed all its obligations under the Loan Agreement and Nutrien Statements.

26. Defendants BBF and Bennett failed to pay all sums due and owing under the Loan Agreement and Nutrien Statements.

27. Such failure to pay all sums due and owing constitutes a material breach of the contract.

28. The breach of the contract by Defendants BBF and Bennett has caused Nutrien damages, and Nutrien is entitled to judgment against Defendants BBF and Bennett,

QB\177235.00001\72663442.1

jointly and severely, in an amount no less than $250,494.02 as of December 31, 2021, plus additional accruing finance charges to date of judgment, plus additional accruing post-judgment finance charges at the contract rate of 24% per annum, plus pre-judgment and post-judgment attorneys' fees and costs of collection pursuant to contract and A.R.S. §§ 12-341.01 and 12-341.

## SECOND CAUSE OF ACTION
## BREACH OF GUARANTEE

29. Nutrien re-alleges each and every allegation contained in the paragraphs stated above.

30. Pursuant to the Spielman/Bennett Agreement, Defendant Spielman promised to guarantee Defendant Bennett's obligations to Nutrien. Such guarantee is unconditional, absolute, and continuing.

31. Defendant Bennett failed to pay all sums due and owing under the Loan Agreement and Nutrien Statements.

32. Nutrien performed all its obligations under the Loan Agreement and Nutrien Statements.

33. Defendant Spielman has failed to pay all sums due and owing under the Loan Agreement and Nutrien Statements.

34. Such failure to pay all sums due and owing constitutes a material breach of the Spielman/Bennett Agreement.

35. Defendant Spielman's breach of her guarantee has caused Nutrien damages and Nutrien is entitled to judgment against Defendant Spielman in an amount no less than $250,494.02 as of December 31, 2021, plus additional accruing finance charges to date of judgment, plus additional accruing post-judgment finance charges at the contract rate of 24% per annum, plus pre-judgment and post-judgment attorneys' fees and costs of collection pursuant to contract and A.R.S. §§ 12-341.01 and 12-341.

**THIRD CAUSE OF ACTION**
**UNPAID ACCOUNT/GOODS SOLD AND DELIVERED**

36. Nutrien re-alleges each and every allegation contained in the paragraphs stated above.

37. Nutrien provided certain products and/or services to Defendants. The products and/or services were requested and authorized by Defendants.

38. Nutrien sent Defendants the Nutrien Statements reflecting the amounts due and owing for such products and services.

39. Defendants have conceded the validity of the obligation and amount due and owing as evidenced by their failure to dispute any aspect of the Nutrien Statements.

40. Defendants have failed to pay the amount due and owing.

41. Nutrien's charges to Defendants for the products and/or services are reasonable, and Nutrien is entitled to compensation from Defendants on the account.

42. Defendants have failed to pay for the products and/or services provided, and Plaintiff has been damaged thereby.

43. The failure of Defendants to pay the amounts due and owing on the account has caused Nutrien damages and Nutrien is entitled to judgment against Defendants, jointly and severely, in an amount no less than $250,494.02 plus additional accruing finance charges, attorneys' fees, and costs of collection.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**

44. Nutrien re-alleges each and every allegation contained in the paragraphs stated above.

45. Defendants received a benefit from Nutrien in the form of the goods and services ordered by Defendants and delivered to Defendants by Nutrien.

46. Nutrien produced and delivered the goods to Defendants at its own expense.

47. It would be unjust and inequitable for Defendants to retain the benefit derived from the goods and services without paying Nutrien for such goods and services.

- 6 -

## DAMAGES

48. Nutrien re-alleges each and every allegation contained in the paragraphs stated above.

49. The acts and/or omissions of Defendants BBF, Bennett, and Spielman, as described in the paragraphs stated above, directly and proximately caused damages to Nutrien in the amount of no less than $250,494.02 as of December 31, 2021, plus additional accruing finance charges to date of judgment, plus additional accruing post-judgment finance charges at the contract rate of 24% per annum, plus pre-judgment and post-judgment attorneys' fees and costs of collection pursuant to contract and A.R.S. §§ 12-341.01 and 12-341.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nutrien Ag Solutions, Inc. prays for a judgment, order, and decree of this Court against the Defendants, jointly and severally, as follows:

a. For the sum of $250,494.02, plus all applicable prejudgment interest which has accrued and continues to accrue through the date of a judgment;

b. For Plaintiff's reasonable attorney's fees incurred herein pursuant to the parties' contracts and A.R.S. § 12-341.01;

c. For Plaintiff's costs and expenses of collection, prejudgment and post-judgment incurred herein pursuant to the parties' contracts and A.R.S. § 12-341;

d. For post-judgment interest at the contract rate of 24% per annum pursuant to the parties' contracts; and

e. For such other and further relief available under law and equity.

/ / /

/ / /

QB\177235.00001\72663442.1

1    RESPECTFULLY SUBMITTED this 24th day of February, 2022.

2

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue, Suite 600
Phoenix, AZ 85004-2322

By:   */s/ John M. O'Neal*
     John M. O'Neal
     Amy Levine Heiserman

       And

Kyle E. Darch
Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, CO 80202

*Attorneys for Plaintiff Nutrien A.G. Solutions, Inc.*